## CHARLES W. KEISER

*v.*

## MARCUS H. TOPPING *et al.*

1. PLEADING AND EVIDENCE—*proof and allegations must correspond.* If any part of the contract proved varies materially from that which is stated in the pleading, it will be fatal, a contract being an entire thing, and indivisible; and where a plaintiff declares upon a special contract, the proof and the allegations must correspond, not precisely, but substantially.

2.  A variance is a substantial departure from the issue, in the evidence adduced, and must be in some matter which, in point of law, is essential to the charge or claim.

3.  PLEDGE—*delivery of possession is not necessary as between the parties.* Where property is pledged to a creditor to secure his claim, there is, as between the parties, no necessity for an actual manual delivery of the property.  The possession is, constructively, where the contract places it.

APPEAL from the Alton City Court; the Hon. HENRY S. BAKER, Judge, presiding.

This was an action of assumpsit, brought by the appellees against the appellant, in the Alton City Court.  In the first count of the declaration it is alleged that the Hughes and Whyte Roof Tile Company was indebted to the plaintiffs, and in order to secure such indebtedness, pledged and delivered to the plaintiffs seventy squares of tile, which were of greater value than the amount of such indebtedness; that afterwards, the defendant, being president of the company, in consideration of the release by the plaintiffs of their claim upon seventy squares of tile, and the delivery of the same to him, promised to pay them the indebtedness owing by the company to them; that, in consideration of such promise, the plaintiffs did release their claim, and deliver the same to the defendant.  The written instrument referred to in the opinion as executed by the superintendent of the company, was as follows:

"ALTON, ILL., *September* 4, 1873

I have this day sold to Topping Bros. two car loads of tile, 70 squares, or sufficient quantity to fill the order I now have from Messrs. E. Harrison & Co., of Irondale, Mo., the tile being now in our yard, and to be shipped to Messrs. E. Harrison & Co., Irondale, Mo., as soon as cars arrive to take it away; price of same to be $7 per square, less amount of freight on same to St. Louis.

HUGHES & WHYTE ROOF TILE CO.

*By* H. S. BROWN, *Supt.*"

Brown, the superintendent, testified that the reason he executed this paper, was, to enable the plaintiffs to get their pay out of the proceeds of the sale thereof, and to return the balance to him for the company; that the tile remained in the company's yard, at the factory, and never was, in fact, delivered to the plaintiffs. The plaintiffs recovered a judgment for the amount of the indebtedness of the company to them, and the defendant appealed.

Mr. Charles P. Wise, for the appellant.

Mr. Levi Davis, Jr., for the appellees.

Mr. Justice Scholfield delivered the opinion of the Court:

We are of opinion, from the evidence in the record before us, that the contract between the Hughes & Whyte Roof Tile Company and appellees did not constitute a sale of the seventy squares of tile. It was, in fact, a contract giving appellees the right of possession and control of the sale of this tile, for the purpose of enabling them to appropriate so much of its proceeds to the payment of their debts as should be necessary for that purpose, and nothing more. The written instrument executed by the superintendent of the company, spoken of as a bill of sale, shows that the subject of the contract was, "two car loads of tile, seventy squares, or sufficient quantity to fill the order" (which the superintendent then had,) "from Messrs. E. Harrison & Co., of Irondale, Mo.;" and it is therein further expressly said: "The tile now being in our yard, and to be shipped to Messrs. E. Harrison & Co., Irondale, Mo., as soon as cars arrive to take it away." Appellees did not surrender the note which they held against the company, or give any credit thereon, or on the account which they held against the company, nor were they to do so until they received the proceeds of the sale of tile. It is evident that, if the tile had been destroyed, or no sale of it effected, without the fault of

appellees, the loss must have been borne by the company. As between the parties themselves, we see no objection to carrying the contract out according to their intentions, and no question of the rights of creditors or purchasers in good faith, is before us.

Do, then, the proofs sustain the allegations in the first count of the declaration?

It was said, in *Wheeler* v. *Reed et al.* 36 Ill. 85, "if any part of the contract proved varies materially from that which is stated in the pleadings, it will be fatal, a contract being an entire thing, and indivisible; and where a plaintiff declares upon a special contract, the proof and the allegations must correspond, not precisely, but substantially. A variance is understood to be a substantial departure from the issue in the evidence adduced, and must be in some matter which, in point of law, is essential to the charge or claim. Stephen on Pl. 107, 108; 1 Greenlf. on Ev. 79. And the reason is, that the defendant may not be subject to another action and recovery for the same cause, set out with more certainty and particularity in another suit."

The issue here was, whether the defendant promised to pay the debts, in consideration that plaintiffs promised to release their claim to the property. As between the parties, no actual manual delivery of the property was necessary. Possession, constructively, was where the contract placed it.

We think the evidence on behalf of plaintiffs sustains the issue substantially, and that there was, therefore, no material variance between the allegations and proofs.

We do not feel called upon to review the evidence. It was conflicting, and we are unable to say that there was a decided preponderance against the verdict.

The judgment is affirmed.

*Judgment affirmed.*